■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR WILLIAMS, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered September 8, 1976, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. This appeal also brings up for review the denial, after a hearing, of defendant's motion to suppress certain statements. Judgment reversed, on the law, defendant's motion granted to the extent that the statement given to Officer Lopiccolo on March 24, 1976, at about 6:00 A.M. at the Nassau County Medical Center, is suppressed; the guilty plea is vacated and the case is remitted to the County Court, Nassau County, for further proceedings under the indictment. We find that on March 24, 1976, at about 12:15 A.M. and while under arrest, defendant, having been given his *Miranda* warnings (see *Miranda v Arizona*, 384 US 436) by Detective Carey, asserted his right to remain silent. Notwithstanding this, at about 6:00 A.M. that same morning, while in the Nassau County Medical Center, the defendant,

without again being given his *Miranda* warnings, was questioned by Officer Lopiccolo. The officer testified: "After he was examined by the doctor they mentioned he had drank vodka and a half bottle of methadone. At this point I asked him how long did this high last. He said around three o'clock in the morning. Then I asked him, 'were you high when you did the robbery?' He said, 'Yes, we were both flying.'" This was clearly in violation of defendant's *Miranda* rights (cf. *Michigan v Mosley*, 423 US 96). Accordingly, defendant's motion to suppress should be granted solely to the extent of suppressing the above statement. We find no basis for suppressing any of the other statements allegedly made by defendant. Defendant also argues that (1) in the course of the prior felony offender hearing he should have been allowed to substitute retained counsel for assigned counsel and (2) the sentence was excessive. We have reviewed those contentions and find them to be without merit. Suozzi, J. P., Cohalan, Margett and Hawkins, JJ., concur.